**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 15-4880-KHV** |
| ) | |
| **JULIE R. BERNET,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On May 6, 2015, the United States filed this action under 28 U.S.C. § 1345, seeking judgment against Julie R. Bernet for failure to make payments on a promissory note which secured a student loan. See Complaint (Doc. #1). This matter comes before the Court on Plaintiff's Motion For Change Of Venue (Doc. #6) filed September 2, 2015. Plaintiff asks the Court to transfer the case to the United States District Court for the Western District of Missouri. For reasons set forth below, the Court finds that the motion should be sustained.

**Factual Background**

Plaintiff presents the following facts in support of its motion.

When plaintiff filed the complaint on May 6, 2015, it reasonably believed that Bernet was living at 21385 Nall Avenue, Bucyrus, Kansas. When a Deputy United States Marshal for the District of Kansas attempted to make service on Bernet at this address, however, neighbors informed him that the property was in foreclosure and that Bernet had "moved to the Ozarks." See Doc. #4. Plaintiff then located an address for Bernet in Morgan County, Missouri. Bernet's court services officer from Johnson County, Kansas confirmed Bernet's address.

**Analysis**

Plaintiff asks the Court to transfer the case to the Western District of Missouri. Plaintiff cites 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under 28 U.S.C. § 1391(b), venue is proper in a judicial district where any defendant resides.[1]  Defendant now resides in the Western District of Missouri, so venue is proper in that district. Section 1404(a), however, is generally reserved for cases which plaintiff filed in the proper district, but for which convenience dictates transfer to another district. See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509 (10th Cir. 1991). Here, if defendant moved to Missouri before plaintiff filed the complaint on May 6, 2015, venue was not proper in the District of Kansas.

If venue is improper, in the interests of justice the Court may transfer the case to a district court in which it could have been brought. See 28 U.S.C. § 1406 ("[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Under Section 1406, in the interests of justice a court may transfer a case which plaintiff filed in the wrong venue in good faith, e.g., before plaintiff knew or should have known that the forum was

---

[1]   Under 28 U.S.C. § 1391(b), venue is proper in

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

improper. See Trujillo v. Williams, 465 F.3d 1210, 1223 n.16. (10th Cir. 2006). Here, the record reflects that plaintiff in good faith filed the action in the District of Kansas, where its business records indicated that defendant resided. The Court therefore finds that in the interests of justice, the case should be transferred to the Western District of Missouri where defendant currently resides.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Change Of Venue (Doc. #6) filed September 2, 2015 be and hereby is **SUSTAINED**. The Court hereby transfers the case to the United States District Court for the Western District of Missouri.

Dated this 27th day of October, 2015 at Kansas City, Kansas.

        s/ Kathryn H. Vratil
        KATHRYN H. VRATIL
        United States District Judge